IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br><br>vs.<br><br><br>JONATHAN L CRANER,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER REDUCING CONTEMPT FINES TO FINAL JUDGMENT<br><br><br><br><br>Case No. 2:07-CV-831 TS |

Jonathan Craner ("Craner") failed to file a tax return for the 2004 and 2005 tax years and was subsequently investigated by the Internal Revenue Service ("IRS").  The IRS issued an Internal Revenue Summons ("the Summons") on April 18, 2007, pursuant to 26 U.S.C. § 7602.[1]  The Court repeatedly ordered Craner to comply with the Summons, but Craner failed to do so, leading the government to file a Motion for Contempt Sanctions on March 12, 2008.[2]  After a March 31, 2008, hearing on the Motion, which Craner failed to attend, the Court found Craner in contempt and imposed contempt sanctions of $100 per day until Craner complied with the Summons.[3]

---

[1] *See* Docket No. 1.

[2] Docket No. 9.

[3] Docket No. 19.

The government later filed a Second Motion for Sanctions[4] on June 10, 2008, in response to Craner's continuing refusal to abide by the Court's order and comply with the Summons. A hearing was held on the Second Motion for Sanctions on October 6, 2008, at which time Craner appeared with counsel, and represented to the Court that progress was being made, and that he had employed a certified public accountant with the intention of complying fully with the Summons. Craner also represented to the Court that the original failure to file tax returns was the result of a catastrophic hard drive failure, in which Craner's business records had been lost. Craner claimed that his personal income was derived solely from his business income, and the business records would need to be reconstructed before personal income for the years in question could be determined.

On October 28, 2008, the government filed their Third Motion for Contempt Sanctions,[5] citing continued refusal by Craner to comply with the summons. However, at a hearing held on November 18, 2008, the government represented to the Court that Craner had provided all the information requested by the Summons. The Court ordered that accumulation of additional sanctions be terminated, and that the government submit a final judgment amount to be considered by the Court. The government has submitted the amount of $17,100 in contempt fines,[6] representing a $100 fine for each of the 171 days during which Craner failed to comply with the Summons. The government now asks the Court to reduce to final judgment that amount. Craner argues in response that the Court should utilize its equitable powers to order a reduction in the total judgment against him.

---

[4]Docket No. 20.

[5]Docket no. 29.

[6]Docket No. 34.

Craner has made certain representations to the Court regarding his financial situation, including the following: (1) Craner is self-employed in the construction industry, and has been unable to work for some time; (2) Craner has been unable to make payments on his mortgage for nine months; (3) Craner has a wife and three dependent children, including one daughter who has a serious illness which requires regular and sometimes serious medical treatments; and (4) Craner overpaid in taxes in each of the disputed years, for a combined total of $2,911, which amounts cannot now be recovered from the government. The government offers no evidence to suggest that these representations are incorrect, or to indicate that Craner has the financial capacity to pay the full amount of sanctions, but argues that Craner "has defied three court orders and should not be rewarded for it."[7]

The United States Supreme Court has stated that in wielding its equitable power to impose civil contempt fines, the Court is "obligated to use the least possible power adequate to the end proposed."[8] Craner showed contempt for the Court by refusing to comply with the Summons after being ordered to do so by the Court. Litigants before the Court cannot be allowed to ignore the authority of the Court with impunity, and so coercive sanctions were appropriate. However, after consideration of the financial circumstances of Craner and his family, and the fact that the newly filed tax returns show that Craner overpaid his taxes in each of the years in question, the Court finds that equitable principles demand that the total coercive contempt fines imposed against Craner be reduced. The Court will reduce the daily fine for non-compliance with the Court's orders to $50 per day, for a total of $8,550.00.

---

[7]Docket No. 35 at 1.

[8]*Spallone v. United States*, 493 U.S. 265, 276 (1990) (internal quotations omitted).

It is therefore

ORDERED that a final judgment in the amount $8,550.00 be entered against Respondent

Jonathan L Cramer.  It is further

ORDERED that Petitioner's Motion to Reduce Contempt Fines to Judgment (Docket No.

34) is DENIED as moot.  The Clerk is directed to close the case.

DATED   December 3, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge